IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40113
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURO GONZALEZ-MEDINA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-98-CR-529-1
- - - - - - - - - -
February 15, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Mauro Gonzalez-Medina appeals his sentence following his guilty-plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). Gonzalez-Medina argues that his pre-deportation aggravated felony conviction, which resulted in his increased sentence under 8 U.S.C. § 1326(b)(2), was an element of the offense that should have been charged in his indictment. Gonzalez-Medina acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998), but he seeks to preserve the issue for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possible Supreme Court review in light of <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348, 2362 & n.15 (2000).

While the <u>Apprendi</u> court acknowledged that <u>Almendarez-Torres</u> may have been incorrectly decided, it did not overrule <u>Almendarez-Torres</u>.  See <u>Apprendi</u>, 120 S. Ct. at 2362 & n.15; <u>see also</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>petition for cert. filed</u> (U.S. Jan. 26, 2001) (No. 00-8299). Gonzalez-Medina's argument is thus foreclosed by the Supreme Court's decision in <u>Almendarez-Torres</u>, 523 U.S. at 235, which this court is compelled to follow.  See <u>Dabeit</u>, 231 F.3d at 984. The district court's judgment is AFFIRMED.